IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JULIA K. PHILLIPS-HORSELY,<br><br>　　　　　　　　Plaintiff,<br>v.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security,[1]<br><br>　　　　　　　　Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 1:16-cv-30 TS BCW<br><br>Judge Ted Stewart<br><br>Magistrate Judge Brooke Wells |

This matter is referred to the undersigned in accordance with 28 U.S.C. 636 (b)(1)(B) from Judge Ted Stewart.[2]  This is an appeal of an unfavorable decision of an application for Widow's Insurance Benefits under Title II of the Social Security Act (the Act).  For the reasons discussed below, the undersigned recommends that the decision of the Commissioner be affirmed.

BACKGROUND[3]

This case presents a somewhat unique procedural history.  Plaintiff, Julia Phillips-Horsely, applied for Widow's Insurance Benefits under Title II of the Act alleging disability beginning on October 22, 2010.[4]  Following a hearing before an Administrative Law Judge

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit.  No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] Docket no. 16

[3] The parties set forth more fully the background of this case, including the medical history, in their memoranda.  The court does not repeat this background in full detail here.  The reader desiring a more extensive history is directed to the record and briefing of the parties.

[4] Tr. 199-205, 230.  Tr. refers to the transcript of the record before the court.

(ALJ) in January 2014, the ALJ issued a favorable decision.[5]  Upon subsequent review by the Social Security Appeals Council, the ALJ's decision was vacated and the matter was remanded back to the ALJ with specific instructions to obtain additional evidence, evaluate Plaintiff's subjective complaints, and "[g]ive further consideration to the claimant's maximum residual functional capacity …."[6]

Plaintiff appeared at a second administrative hearing on January 5, 2015 where the ALJ heard testimony from Plaintiff, a medical expert and a vocational expert.[7]  Following the hearing the ALJ issued a second decision with the required five-step sequential evaluation process for assessing disability claims.[8]  The ALJ found Ms. Phillips-Horsely had the severe impairments of mild osteoarthritis of the shoulders and right hand, degenerative disc disease of the cervical spine, fibromyalgia, gastroesophageal reflux disease and a pain disorder.[9]  None of these impairments singularly or in combination met or equaled a listing.  Next, the ALJ found Plaintiff had the residual functional capacity (RFC) to perform light work as set forth in 20 C.F.R. § 404 with certain restrictions in lifting, standing, sitting and work conditions.[10]  At step four the ALJ found Plaintiff could not perform her past relevant work, but at step five, the ALJ found Ms. Phillips-Horsely could perform other work including office helper, rental clerk and routing clerk.[11]  Thus, Plaintiff was not disabled from October 22, 2010, through the ALJ's

---

[5] Tr. 80-89.

[6] Tr. 93.

[7] Tr. 27-53.

[8] *See* 20 C.F.R. § 404.1520(a)(4).

[9] Tr. 14.

[10] Tr. 15.

[11] Tr. 20-21.

decision date of January 20, 2015,[12] which is after the date Plaintiff was eligible for widow's

insurance benefits.[13]  This appeal followed.

Plaintiff alleges disability arising from osteoarthritis, degenerative disc disease,

fibromyalgia, gastroesophageal reflux disease, a pain disorder and Irritable Bowel Syndrome.[14]

STANDARD OF REVIEW

The Court reviews "the ALJ's decision only to determine whether the correct legal

standards were applied and whether the factual findings are supported by substantial evidence in

the record."[15]  "Substantial evidence is such relevant evidence as a reasonable mind might accept

as adequate to support a conclusion."[16]  It requires more than a scintilla, but less than a

preponderance of evidence.

Additionally, the ALJ is required to consider all of the evidence; however, the ALJ is not

required to discuss all the evidence.[17]  In reviewing the ALJ's decision the Court evaluates the

record as a whole, including that evidence before the ALJ that detracts from the weight of the

ALJ's decision.[18]  The Court, however, may neither "reweigh the evidence [n]or substitute [its]

judgment for the [ALJ's]."[19]  Where the evidence as a whole can support either the agency's

decision or an award of benefits, the agency's decision must be affirmed.[20]  Further, the Court

---

[12] Tr. 11-21.

[13] The requirements for widow's or widower's insurance benefits are set forth in 20 C.F.R. § 404.335.  Among these requirements is that a disability must start not later than seven years after an insured dies or seven years after a widow was last entitled to benefits, whichever occurs last.  Plaintiff must establish her disability began before October 31, 2012, which is the expiration date for widow insurance benefits.

[14] Tr. 14, 86.  The Irritable Bowel Syndrome was cited to by the ALJ in his first decision.

[15] *Madrid v. Barnhart*, 447 F.3d 788, 790 910th Cir. 2006).

[16] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citation omitted).

[17] *Zoltanski v. FAA*, 372 F.3d 1195, 1200 (10th Cir. 2000).

[18] *Shepherd v. Apfel*, 184 F.3d 1196, 1199 (10th Cir. 1999).

[19] *Lax*, 489 F.3d at 1084 (citation omitted).

[20] *See Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990).

"may not 'displace the agenc[y's] choice between two fairly conflicting views, even though the Court would justifiably have made a different choice had the matter been before it de novo.'"[21]

DISCUSSION

On appeal Ms. Phillips-Horsely raises three issues. First, she asserts the ALJ erred by failing to find her depressive disorder severe. Second, the ALJ used evidence outside the administrative record to deny her benefits. And finally, the administrative record is not complete. The court is not persuaded by these arguments.

A.  There is no error at step two

Ms. Phillips-Horsely argues the ALJ found a number of impairments to be severe in both his decisions, but "did not find Plaintiff's depression to be severe in either decision."[22] Plaintiff acknowledges that the evidence in the record regarding her depression "is admittedly thin."[23] However she cites to two pieces of evidence in support of this argument. Plaintiff points to a psychological examination performed in August 2012 by Dr. Liz McGill where she was diagnosed with depression that was "moderate to severe."[24] Plaintiff also cites to a note from her treating physician, Dr. Tyler Williams, who in December 2012 stated "I believe she is depressed and that is likely why she is less functional; I recommend she start treatment but she declines at this time – she will think about it."[25]

Here, the undersigned finds Ms. Phillips-Horsely's step two depressive disorder argument is undermined by the lack of evidence in the record. It is a claimant's burden at step two to show

---

[21] *Lax*, 489 F.3d at 1084 (quoting *Zoltanski*, 372 F.3d at 1200).

[22] Opening brief p. 3, docket no. 21.

[23] *Id.*

[24] Tr. 563.

[25] Tr. 574.

they have a severe impairment.[26]  A severe impairment or combination of impairments, are those that significantly limit a claimant's physical or mental ability to do "basic work activities."[27]  To meet the burden of proof at step two, "a claimant must demonstrate an impairment or combination of impairments that significantly limits the claimant's ability to do basic work activity."[28]  Even though this showing is "de minimis'"[29] and nondemanding, there simply is not enough evidence in the record to support the argument that Plaintiff's depressive disorder was severe enough to significantly limit her ability to do basic work activities.  The court does not doubt that Ms. Phillips-Horsely suffered from depression, but her own reluctance to receive treatment and her repeated failure to complain of depression or other mental issues at many of her medical appointments undermines her argument.

In addition, the ALJ did not stop at step two of the sequential evaluation process finding other severe disabilities.  Thus, any possible error here "became harmless when the ALJ reached the proper conclusion that [Ms. Phillips-Horsely] could not be denied benefits conclusively at step two and proceeded to the next step of the evaluation sequence."[30]

B.  Plaintiff's arguments regarding evidence outside the record are speculative and not supported

Plaintiff argues the ALJ used evidence outside the administrative record to deny her benefits.  Plaintiff points to the fact that in January 2014 the ALJ granted benefits, but a year later in January 2015, the ALJ heard "testimony from Plaintiff, reviewed the evidence, and

---

[26] See *Bowen v. Yuckert*, 482 U.S. 137, 146, 107 S. Ct. 2287, 2294, 96 L. Ed. 2d 119 (1987) (noting that the claimant bears the burden at steps one to four of the five-step sequential evaluation process); *see also* 20 C.F.R. § 404.1520.

[27] 20 C.F.R. § 404.1520(c).

[28] *Hawkins v. Chater*, 113 F.3d 1162, 1169 (10th Cir. 1997).

[29] *Id.* (quoting *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988)).

[30] *Carpenter v. Astrue*, 537 F.3d 1264, 1266 (10th Cir. 2008).

determined Plaintiff was not disabled."[31]   According to Plaintiff, it is not entirely clear form the record for this change and Plaintiff "suspects that it is because she took a trip to Africa, which occurred between the two hearings."[32]

This argument is speculative and not supported in the record.  Although the ALJ noted during the hearing that the trip to Africa "jumped out at me in the new records,"[33] the ALJ considered the constraints Plaintiff had on the trip including sleeping for 17 hours after arriving and the assistance she received from a companion who did "[p]retty much everything."[34]  The ALJ also considered Plaintiff's treatment cycles of feeling better and worse,[35] medical expert testimony[36] and vocational expert testimony.[37]  There is nothing before the court to indicate that the ALJ somehow inappropriately considered Plaintiff's trip to Africa.  Rather, it was part of the overall analysis and contrary to Plaintiff's suggestions, it is not clear that this trip tainted the ALJ's opinion.

C.  The administrative record is sufficient for review

Plaintiff asserts the "transcript form the first hearing has not been made part of the administrative record" thus remand is necessary to "complete the administrative record."[38]  On May 9, 2017, a supplemental administrative record from the Social Security Administration was

---

[31] Opening brief p. 5, docket no. 21.

[32] *Id.*

[33] Tr. 33.

[34] Tr. 37.

[35] Tr. 35-36.

[36] Tr. 41-47

[37] Tr. 48-52.

[38] Opening brief p. 7, docket no. 21.

filed that contains the transcript of this hearing.[39]  The court has reviewed the transcript of that hearing.  The filing of the supplemental record renders this argument moot.

REPORT AND RECOMMENDATION

The court finds that the ALJ's decision is supported by substantial evidence and therefore for the reasons set forth above the undersigned RECOMMENDS that the decision of the Commissioner be affirmed.

Copies of this report and recommendation are being mailed to all parties who are hereby notified of their right to object.  Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of Court.[40]  Any objection must be filed within this deadline.  Failure to object may constitute a waiver of objections upon subsequent review.


DATED this 29 Day of June 2017.


Brooke C. Wells
United States Magistrate Judge


---

[39] Docket no. 30.

[40] *See* 28 U.S.C. § 636 and Fed. R. Civ. P. 72.